**MARION COUNTY, Tennessee, Gene West, Assessor of Property of Marion County, and Gene West, Individually, Plaintiffs-Appellants,**

v.

**STATE BOARD OF EQUALIZATION, State Division of Property Assessments, and W.J. Michael Cody, Attorney General and Reporter, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 11, 1986.

Application for Permission to Appeal Denied by Supreme Court April 21, 1986.

Thomas W. Graham, Cameron, Leiderman & Graham, Jasper, for plaintiffs-appellants.

W.J. Michael Cody, Atty. Gen. and Reporter, William P. Sizer, Asst. Atty. Gen., for defendants-appellees.

Edward C. Blank, II, Dan H. Elrod, Trabue, Sturdivant and DeWitt, Nashville, for Tennessee Farm Bureau Federation.

## OPINION

CANTRELL, Judge.

Marion County and its Tax Assessor attack the constitutionality of the Agricultural, Forest, and Open Space Land Act of 1976, T.C.A. § 67–5–1001 et seq. The Chancellor dismissed the plaintiffs' complaint. We affirm.

In 1976 the Legislature, concerned about the threat to open land posed by urbanization and high land taxes, passed an act to encourage landowners to keep their property open. T.C.A. § 67–5–1002. If their open land had taken on an inflated value because of its location and its potential use for residential or commercial development, the act, known generally as the "Greenbelt Law," allowed the owner to apply to the tax assessor of the county for a classification of the property as agricultural, forest, or open space land. T.C.A. § 67–5–1007. When the property has been so classified, the value for assessment purposes is to be calculated as if that were its highest and best use. T.C.A. § 67–5–1008. Thus, the value of the land used for assessment purposes is not what a willing buyer in an arm's length transaction would pay for the property if it were not restricted in use— we will call that the fair market value, T.C.A. § 67–5–601—but is to be based on farm income, soil productivity or fertility, topography, etc. T.C.A. § 67–5–1008(a)(2). If the use changes, the owner is required to pay the taxes that would have been paid on the full unrestricted value of the land, going back three years on agricultural and forest land and five years on open space land.

The appellants contend that this legislative scheme violates Article 2, § 28 and § 29 of our constitution and the due process provisions of the federal and state constitutions.

Article 2, § 28 of the Tennessee Constitution provides that real property shall be classified as public utility property, industrial and commercial property, residential property or farm property. Public utility property is to be assessed at fifty-five percent of value, industrial and commercial property at forty percent of value, and residential and farm property at twenty-five percent of value.

The appellants' first contention is that the statute is unconstitutional because it creates three additional sub-classes of real property.

We think this contention fails. Although the constitution does not specifically allow the legislature to divide real property into sub-classes—as it does with respect to personal property—it does not prohibit the legislature from doing so. Under the general law, the right to tax property is peculiarly a matter for the legislature and the legislative power in this respect can only be restricted by the distinct and positive expressions in the constitution. *Vertrees v. State Board of Elections*, 141 Tenn. 645, 214 S.W. 737 (1919). *See also Hoffmann v. Clark*, 69 Ill.2d 402, 14 Ill. Dec. 269, 372 N.E.2d 74 (1977). Thus, the legislature has the bare power to create sub-classes of real property provided the act of creating these sub-classes does not violate other provisions of the constitution.

Next, the appellants contend that the statute in question results in some farm property being taxed on twenty-five percent of its fair market value while other farm property is taxed on twenty-five percent of an arbitrarily fixed lower value. If so, the appellants contend, the statute violates the following constitutional provisions: Article 2, § 28 of the Tennessee Constitution, which requires the the ratio of assessment to value of property in each class or sub-class to be equal and uniform throughout the state; the requirement in Article 2, § 29 of the Tennessee Constitution that all property shall be taxed according to its value; the provision in Article 11,

§ 8 of the Tennessee Constitution that prohibits special legislation; and the due process provisions of the Fourteenth Amendment to the United States Constitution.

■ With respect to these contentions we make two preliminary observations. First, although we have held that the legislature may create other sub-classes of real property, we think the requirement in Article 2, § 28 that the ratio of assessment to value be equal and uniform in any class or sub-class refers to the classes and sub-classes created in the constitution. Otherwise, there would be no question about this statute; the legislature would be free to provide that farm property, close to a populated area and thus the subject of inflated values, be taxed on a different basis than other farm property, simply by creating a new sub-class. Therefore, we think the constitution requires that all farm property be taxed uniformly and equally, regardless of its location and regardless of whether the legislature has provided that some of it may be called "forest" or "open" land.

Secondly, there are many different definitions of value. The constitution does not give any clue as to how value is to be determined; instead it leaves the method of determining value to the legislature. Article 2, § 28, Constitution of Tennessee. In T.C.A. § 67–5–601, the legislature said:

> (a) The value of all property shall be ascertained from the evidence of its sound, intrinsic and immediate value, for purposes of sale between a willing seller and a willing buyer without consideration of speculative values, and when appropriate subject to the provisions of the Agricultural, Forest, and Open Space Land Act of 1976, codified in Part 10 of this chapter.

> (b) It is the legislative intent to hereby declare that no appraisal hereunder shall be influenced by inflated values resulting from speculative purchases in particular areas in anticipation of uncertain future real estate markets; but all property of every kind shall be appraised according to its sound, intrinsic and immediate economic value which shall be ascertained in

accordance with such official assessment manuals as may be promulgated and issued by the state division of property assessments and approved by the state board of equalization pursuant to law.

In *L & N Railroad Co. v. P.S.C.,* 631 F.2d 426 (6th Cir.1980), the federal court said the Tennessee Constitution required all property to be valued at "full market value." The State in its brief in this case contends that the definition in T.C.A. § 67–5–601 is of "fair market value." We are of the opinion that the correct name for this value which the legislature has described is irrelevant; what is important is the same standards be used in all cases in arriving at the value to be used for assessment purposes.

■ With these two preliminary ideas in mind we think the remaining issues are all disposed of if the value arrived at under T.C.A. § 67–5–1008 is equal to the value that would result from the general statute, T.C.A. § 67–5–601.

When the two statutes are examined closely we think the value arrived at under either would be the same. It seems to us that in enacting this legislation, the legislature has issued an invitation to property owners to voluntarily restrict the use of their property for agricultural, forest, or open space purposes. Once assumed, that restriction affects the property's value. If it can only be used for farm purposes for instance, then it would be free from any artificial value attributed to its possible use for development. It should have the same value as any similar property that is as productive and accessible as it is. *See* T.C.A. § 67–5–1008(a)(2). It results that the property is being valued at its fair market value for agricultural purposes. The same is true of forest or open space land. Therefore, in passing the act in question the legislature did not violate the constitutional provisions relied on by the appellants.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for

any further proceedings necessary. Tax the costs on appeal to the appellants.

TODD, P.J., M.S., and LEWIS, J., concur.