**SHERWOOD COMPANY d/b/a Sherwood Terrace Apartments, Plaintiff/Appellant,**

v.

**Jim Ed CLARY, et al., Defendants/Appellees.**

Supreme Court of Tennessee, at Nashville.

July 27, 1987.

---

Arthur K. Lowen, Nashville, for plaintiff/appellant.

Kevin S. Key, Nashville, for defendants/appellees.

## OPINION

HARBISON, Chief Justice.

The issue presented by this appeal is the constitutionality of T.C.A. § 67–5–901(3)(A) dealing with the assessment of non-business tangible personal property. The statute was enacted as 1977 Tenn.Pub.Acts, ch. 337, § 2, and provides:

"All other tangible personal property shall be assessed at five percent (5%) of its value, except that for the purpose of taxation under this chapter, all other tangible personal property shall be deemed to have no value."

Appellant is the owner of tangible personal property used in business as part of an apartment complex. Its tangible personal property was assessed at thirty percent of its value as commercial property for the tax year in question. Appellant makes no complaint of the method or amount of the assessment of its own property, nor does it make any issue with respect to the assessment of any other business or commercial tangible personal property in Tennessee. Likewise it does not attack the assessment and classification of utility properties which are assessed at fifty-five percent of value.

Appellant paid its tangible personal property taxes under protest and sued for a refund. It is doubtful that this remedy is available to it in the state courts under the leading case of *Carroll v. Alsup*, 107 Tenn. 257, 64 S.W. 193 (1901). There this Court held that if a taxpayer was unable to show improper assessment of his own property, he could not seek relief simply because other property might be assessed at a smaller percentage of its true or actual value than his own.

As pointed out by the Court of Appeals for the Sixth Circuit in the case of *Louisville & Nashville Railroad Co. v. Public Service Commission*, 631 F.2d 426 (6th Cir.1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 384 (1981), there has been little departure from the rule of the *Carroll* case, *supra*, in the state courts.

Appellant does not ask that the entire structure of the assessment and taxation of tangible personal property be ruled invalid. Basically it seeks a declaratory judgment that the effective exemption of nonbusiness tangible personal property be declared invalid and that until this is done and such property is assessed, that appellant's own assessment be held void.

We do not believe that appellant is entitled to this relief. Nevertheless we will briefly discuss the issues presented.

Appellant challenges the exemption of nonbusiness tangible property as violative of the equal protection clause of the fourteenth amendment to the United States Constitution. Appellant is virtually forced to concede, however, that this claim is foreclosed by the decision of the United States

Supreme Court in *Lehnhausen v. Lake Shore Auto Parts,* 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973). There the Supreme Court upheld an Illinois scheme of taxation in which business and industrial property was subjected to tax and personal property held by individuals was exempted.

In that case it was shown by evidence that attempts to tax personal property held by individuals had been ineffective, inefficient and not cost effective from the standpoint of revenues generated. The Supreme Court upheld an Illinois constitutional provision exempting such property.

In our opinion that case is controlling here with respect to any federal constitutional claim. The principal insistence of appellant, however, is that the statute which was enacted in 1977 violates the provisions of the Tennessee Constitution, especially the taxation article, Article 2, § 28, and the provisions of Article 11, § 8, respecting invidious class discrimination.

Like the Chancellor, we are of the opinion that these contentions are without merit even if the taxpayer had demonstrated standing to raise them.

Article 2, § 28, of the Tennessee Constitution was extensively revised by an amendment adopted in 1972. This amendment has been discussed in a number of previously reported opinions, and it is not necessary to repeat its entire history. *See generally, Snow v. City of Memphis,* 527 S.W.2d 55 (Tenn.1975), *appeal dismissed,* 423 U.S. 1083, 96 S.Ct. 873, 47 L.Ed.2d 95 (1976), *rehearing denied,* 424 U.S. 979, 96 S.Ct. 1487, 47 L.Ed.2d 750 (1976).

It is sufficient to state here that the Tennessee Constitution prior to the amendment prohibited classification for tax purposes of property according to its use. It required all property to be taxed, except for certain exceptions or exemptions which the Legislature might authorize, and mandated that all property should be taxed according to its value so that taxes would be equal and uniform throughout the state. It expressly provided that no one species of property from which a tax might be collected should be taxed higher than any other species of property of the same value.

All of this was changed by the 1972 amendment, which made all property in the state subject to the taxing power of the Legislature but authorized classifications of real property and of tangible and intangible personal property. With respect to real property and tangible personal property the amendment provided for fixed ratios of assessment to value in each classification and required that every taxing authority apply the same tax rate to all property within its jurisdiction. The amendment expressly provided:

> "The ratio of assessment to value of property in each class or subclass shall be equal and uniform throughout the State, the value and definition of property in each class or subclass to be ascertained in such manner as the Legislature shall direct."

With respect to tangible personal property three subclassifications were authorized with the following ratios:

1. Public utility property to be assessed at 55% of its value.

2. Industrial and commercial property to be assessed at 30% of its value.

3. All other tangible personal property to be assessed at 5% of its value.

With respect to the latter classification, however, the amendment provided that the General Assembly should exempt seventy-five hundred dollars worth of such tangible personal property

> "... which shall cover personal household goods and furnishings, wearing apparel and other such tangible property in the hands of the taxpayer."

Pursuant to this amendment the General Assembly enacted a comprehensive property tax statute, 1973 Tenn.Pub.Acts, ch. 226. This provided that nonbusiness tangible personal property should be assessed at five percent of its value, subject to exemptions above referred to.

Experience in Tennessee under this statute was similar to that in Illinois referred to in the *Lehnhausen* case, *supra.* Attempts to administer the system proved futile and produced almost no revenue. As a result the General Assembly amended the

taxing statutes four years later by the adoption of two additional provisions, 1977 Tenn.Pub.Acts, ch. 262, and 1977 Tenn.Pub. Acts, ch. 337.

The first of these statutes provided that in the absence of a tax return or schedule showing to the contrary, all farm personal property and nearly all other tangible chattels used in a taxpayer's household, together with all intangible property, including bank accounts of the taxpayer, might be assumed to have a value not in excess of $7,500 per individual or $15,000 by a married couple.

The second relief provision is that now under attack, providing that for purposes of taxation nonbusiness tangible personal property should be deemed to have no value.

This provision, contained in 1977 Tenn. Pub.Acts, ch. 337, was preceeded by a preamble containing legislative findings and recitals which were in part as follows:

"WHEREAS, it has been brought to the attention of the legislature that the assessors of property throughout the ninety-five (95) counties of the state of Tennessee are having great difficulty in attempting to determine value of tangible personal property to be assessed at five percent (5%) of its value; and

"WHEREAS, at an assessment rate of five percent (5%) of its value, such property will produce very little, if any, revenue for local governmental bodies, thereby rendering any such affect (*sic*) to collect such tax unenforceable and nonproductive; and

"WHEREAS, the legislature desires to correct within its constitutionally designated power this unenforceable, nonproductive and unequitable (*sic*) tax provided as now set forth in this code...."

The General Assembly then declared that all tangible property other than public utility and industrial and commercial property had no value for purposes of taxation under these statutes.

In support of the summary judgment motions filed in the trial court in this case depositions of the Davidson County Tax Assessor and of a state tax official were taken. Both of these confirmed in their testimony the conclusions stated by the General Assembly in 1977 that almost no revenue could be produced from nonbusiness tangible personal property at an assessment ratio of five percent of value. They also testified that the cost of administration and collection of any such taxes would be prohibitive and probably would exceed the amount of revenue generated.

The Chancellor concluded that the General Assembly had acted within the authority granted to it in Art. 2, § 28,

"... the value and definition of property in each class or subclass to be ascertained in such manner as the Legislature shall direct."

■ We are of the opinion that this conclusion was correct. The General Assembly concluded that no appreciable revenue could be obtained by an attempt to tax household goods and chattels or other nonbusiness tangible personal property. Such property often does not generate revenue while industrial and commercial business property does so.

Given the fact that the 1972 amendment exempted the entire amount of individual "personal or family checking or savings accounts" and substantial amounts of tangible personal property, the attempt to levy ad valorem taxes upon private assets of individuals not used in commerce or industry proved futile and self-defeating. In our opinion the General Assembly was not constitutionally required to attempt to administer and maintain an impractical system of taxation, and it was given very broad discretion with respect to determining the value and definition of property in each of the authorized classifications or subclassifications.

As previously stated, the earlier constitutional mandate that all property be taxed was repealed by this amendment. Instead all property was made subject to the taxing power, but the amendment did not compel or mandate that the General Assembly exhaust that power. It gave general directions concerning classifications and assessment ratios, and if the General Assem-

**322**

bly exercised its taxing power through the use of these classifications, the ratios of assessment to value were required to be used. The method of valuation and the determination of whether there was any practical value for tax purposes were left to the General Assembly.

The classifications themselves were specifically authorized by Art. 2, § 28. Appellant has offered no evidence of any improper classifications so that we find no merit to its claims of invidious discrimination under Art. 11, § 8.

The judgment of the Chancellor is affirmed at the cost of appellant. The cause will be remanded to the trial court for collection of costs accrued there and for any further orders which may be necessary.

BROCK, C.J., and FONES, COOPER and DROWOTA, JJ., concur.