**Jerry ALBERT, Plaintiff–Appellant,**

v.

**WILLIAMSON COUNTY, Tennessee and Lillie Buford, Williamson County Trustee, Defendants–Appellees.**

Supreme Court of Tennessee, Middle Section, at Nashville.

Nov. 5, 1990.

Everett H. Falk, Franklin, for plaintiff-appellant.

James D. Peterson, Franklin, for defendants-appellees.

## OPINION

FONES, Justice.

Plaintiff brought this suit seeking a declaration that a private act authorizing a tax on property in Williamson County, excluding cities, for county roads was unconstitutional. Both parties moved for summary judgment. The trial judge granted defendants' motion upholding the constitutionality of the act and dismissed the suit. We affirm.

■ Chapter 292 of the Private Acts of 1976 authorized the county legislative body of Williamson County to levy a tax of not less than 5 cents nor more than $1.00 on each $100.00 of assessed valuation of property outside of the incorporated towns and

taxing districts of the county. Pursuant to that authority, the Board of County Commissioners of Williamson County added 52 cents per $100.00 of assessed valuation to the property taxes levied upon all property in the county, located outside of municipalities, and designated the proceeds of that levy for the highway fund of the county.

Plaintiff, Albert, resides and owns property in Williamson County, outside of any municipality. He paid his 1988 property taxes under protest, and brought this suit to recover $46.41, the sum attributable to the 52 cent levy not imposed upon property in Williamson County that lies within municipalities and taxing districts. He contends that that portion of his taxes was levied and collected pursuant to an act that violates section 28 of Article II of the Tennessee Constitution, specifically the sentence therein that reads as follows:

> Each respective taxing authority shall apply the same tax rate for all property within its jurisdiction.

Plaintiff argues that the property within the jurisdiction of the taxing authority is all of Williamson County, including property within municipalities, and that the tax in question is not applied equally throughout the county, in that it assesses a higher tax rate for property outside municipalities in Williamson County, than those within city limits.

This issue and its related issue, that is, a levy of taxes on property in the entire county including municipalities for roads and highways in the county outside municipalities, has been before the courts numerous times prior to the 1972 amendment of section 28 of Article II of the Tennessee Constitution. The two leading cases are *King v. Sullivan County*, 128 Tenn. 393, 160 S.W. 847 (1913) and *Earnest v. Greene County*, 138 Tenn. 442, 198 S.W. 417 (1917). *Earnest* involved the identical issue presented here and *King* involved the related issue stated in the first sentence of this paragraph.

Plaintiff contends that the 1972 amendment of section 28, Article II, effective 1 January 1973, so altered the "equal and uniform" clause that *Earnest* is no longer controlling on the issue of this case.[1] We disagree.

In *King v. Sullivan County, supra,* the legislative act authorized Sullivan County to levy a tax on all property in the county, "including that within the corporate limits of any municipality," to build pike roads in the county, outside city limits. Plaintiff, King, resided in Bristol and was a taxpayer to both city and county. Plaintiff sought an adjudication that the tax violated the equal and uniform clause of section 28, Article II, contending that the State required cities to levy taxes to build and maintain its streets, but only on property within city limits, whereas the act in question allowed the county to levy taxes on city property for the benefit of county roads outside city limits, creating an unequal tax burden on city property.

The *King* court rejected that contention upon the following rationale:

> The uniformity required by section 28 of article 2 is limited to uniformity in rate, assessment, and valuation of the particular tax involved. It has no reference to a uniformity of the sum total of taxes which a citizen is required to pay; that is, it does not require that the total taxes assessed against property situated in a municipality shall not exceed the sum total of taxes assessed against property located outside of a municipality. It does require that there shall be uniformity of valuation and assessment of property for purposes of taxation, and that the tax levy for any given purpose shall be uniform throughout the territory to which it is applied.

> In this particular case, it would not be competent to authorize a levy of taxes on property inside the city of Bristol at a rate of taxation more or less than the

---

1. From 1870 until 1 January 1973 the equal and uniform clause of Section 28, Article II, Tennessee Constitution read as follows: "All property shall be taxed according to its value, that value to be ascertained in such manner as the legislature shall direct, so that taxes shall be equal and uniform throughout the state."

same levy upon property outside the corporation.

*Id.* at 396, 397, 160 S.W. 847.

The court also noted that the extra taxes that citizens of incorporated towns must pay are to support the municipal government, and has no relation to the duty to support the state and county governments, "which afford him and his property equal protection with every other citizen whether they reside within the municipality or not." *Id.* at 397, 160 S.W. 847.

*Earnest v. Greene County, supra,* involved a constitutional attack on a county road tax levied upon property in Sullivan County, excluding property located within incorporated towns, "where a street tax is levied and collected for the purpose of keeping up and maintaining their streets." The tax was said to violate sections 28 and 29, Article II, Tennessee Constitution.

The court discussed *King v. Sullivan County, supra,* briefly and quoted from that case the same part quoted herein. The *Earnest* court then acknowledged that the exception of property within cities maintaining their own streets imposed an additional county tax burden on property outside city limits, but gave the following rationale for sustaining the constitutionality of the tax.

... But under the above-quoted construction of section 28 made in the opinion of the court in *King v. Sullivan County,* we think the imposition of this additional burden on property located outside of the corporate limits and within the county for a county purpose is not a violation of said section 28. This conclusion is based on the construction of said section above quoted, in connection with the fact that, under section 29, where the general assembly is clothed with power to authorize the several counties and incorporated towns in this State to impose taxes for county and corporation purposes respectively, it must be held to be invested with a discretion to equalize burdens as far as may be practicable in the levy of taxes for such highways. The real estate constituting an incorporated city or town located in a county, though located in a

separate corporate entity, is yet also a part of the county. Its streets are but continuations of the county highways leading into them (see *Raulston et al. v. Marion County et al.,* 133 Tenn. [6 Tomp.], 433, 181 S.W., 322), and the county highways are, in the same sense, continuations of the streets. In the actual use of the highways and streets as agencies of travel and commerce the residents of the county and towns, respectively, use the streets and highways for purposes of travel. The corporation line is no impediment to travel, though in one legal sense it is the point of segregation between the municipal corporation as an entity and the county as an entity. If the exclusion of property located in Greeneville be regarded as an effort on the part of the general assembly in the exercise of its discretion to equalize burdens between the two corporate entities in the construction and maintenance of a single system of highways—and we think it must be so regarded—we fail to see that the legislature exceeded its power in the passage of the act.

*Id.* at 449, 50, 51, 198 S.W. 417.

The relevant part of section 29, of article II, Tennessee Constitution that the *Earnest* court referred to is the first sentence thereof that has remained unchanged since 1870, and reads as follows:

The General Assembly shall have power to authorize the several counties and incorporated towns in this state, to impose taxes for county and corporation purposes respectively, in such manner as shall be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to state taxation.

Finally, the *Earnest* court responded to the contention that the taxing act, "dismembers the county" by authorizing the imposition of a tax upon part, but not all of the taxable property in the county, as follows:

... the best answer to the point is that in the execution of a legislative scheme for internal improvement section 29 of article 2 of the Constitution expressly autho-

rizes the general assembly to recognize the county organization as one entity by the use of the words "the several counties," and also expressly authorizes it to recognize municipal corporate entities located in a county by the use of the words "incorporated towns." There is no effort here to segregate one part of the territory outside municipal limits from other parts of the country districts of the county of Greene.

For many years prior to the adoption of the Constitution of 1870 there had grown up a legislative custom to authorize the levy of a highway tax on all lands outside of incorporated towns for the maintenance of highways of the county, and we are of the opinion that the sections of the Constitution involved here should be construed in the light of that custom, unchallenged so far as we have information until this suit.

*Id.* at 451, 52, 198 S.W. 417.

 In short, *King* and *Earnest* hold that there are three territorial entities in every county in Tennessee, within the contemplation of sections 28 and 29, Article II of our Constitution for the application of the equal and uniform clause thereof, to-wit, incorporated towns, the county including incorporated towns and the county excluding incorporated towns; that our legislature has the discretion of equalizing tax burdens between the citizens of the three respective territories, imposed for the construction and maintenance of streets and highways, provided that uniformity in rate, assessment and valuation is maintained with respect to property within the territorial limits of each of the respective entities.

We respectfully reject the contention of plaintiff that the different verbiage of the equal and uniform clause of the 1972 amendment of section 28, Article II of our Constitution has wrought a change requiring that *Earnest* be overruled. In the context of the primary purpose of the amendment, to authorize for the first time in history the classification of real property, tangible and intangible personal property according to use, the language of the equal and uniform clause has the same meaning as the 1870 version, in its application to taxes for streets and highways. Cf. *Sherwood Co. v. Clary*, 734 S.W.2d 318 (Tenn. 1987); *Snow v. City of Memphis*, 527 S.W.2d 55 (Tenn.1975).

In our opinion the rationale of *King* and *Earnest* continue to provide the correct interpretation of the equal and uniform clause of section 28, Article II, Tennessee Constitution, applicable to the tax imposed by Williamson County authorized by the legislature in Chapter 292, Private Acts of 1976.

The judgment of the trial court dismissing plaintiff's suit is affirmed. Costs are adjudged against plaintiff.

DROWOTA, C.J., and COOPER, O'BRIEN and DAUGHTREY, JJ., concur.