IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 26, 2001 Session

# WILLIAMSON COUNTY, ET AL. v. TENNESSEE STATE BOARD OF EQUALIZATION

### Appeal from the Chancery Court for Davidson County
### Nos. 00-522-III, 00-558-III    Ellen Hobbs Lyle, Chancellor

---

### No. M2000-03178-COA-R3-CV - Filed December 10, 2001

---

In this case, a consortium of counties and cities appeals the decision of the Chancery Court of Davidson County upholding the action of the Tennessee State Board of Equalization in applying depreciable life schedules forming a part of Tennessee Code Annotated section 67-5-903(f) to commercial and industrial tangible personal property and in holding that personal property is not constitutionally required to be valued at its actual value in the implementation of Tennessee Code Annotated section 67-5-1509(a). The only issues before this court are the constitutionality of Tennessee Code Annotated section 67-5-903(f) and Tennessee Code Annotated section 67-5-1509(a). We hold both statutes to be constitutional and affirm the Chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Jeffrey Dean Moseley, Franklin, Tennessee, for the appellant, Williamson County, Tennessee.

James Charles and Jennifer Clinard Surber, Nashville, Tennessee, for the appellant, Metropolitan Government of Nashville and Davidson County.

Donnie E. Wilson and Robert B. Rolwing, Memphis, Tennessee, for the appellant, Shelby County, Tennessee.

Jean Dyer Harrison, Nashville, Tennessee, for the appellants, Tennessee City Governments and Tennessee County Governments.

Paul G. Summers, Attorney General & Reporter; and Jimmy G. Creecy, Chief Special Counsel, Nashville, Tennessee, for the appellee, Tennessee State Board of Equalization.

T. Arthur Scott, Jr. and Suzanne S. Cook, Kingsport, Tennessee, for the appellees, Appalachian Power Company and Kingsport Power Company.

Brigid M. Carpenter, Nashville, Tennessee; James W. McBride, Washington, D.C.; and Stephen D. Goodwin, Memphis, Tennessee, for the Intervenors/Appellees, Coalition of Public Utilities.

Everett B. Gibson, Memphis, Tennessee, for the Intervenors/Appellees, Colonial Pipeline Company, MCI Metro Access Transmission Services, Inc., MCI Telecommunications Corporation and Norfolk Southern Railway Company.

Charles A. Trost and Michael G. Stewart, Nashville, Tennessee, for the Intervenor/Appellee, Tennessee Association of Business.

## OPINION

This case follows in the wake of two sister cases already decided by the appellate courts. The first of these cases, *In Re All Assessments 1998*, No. M1998-00243-SC-R11-CV, 2000 WL 1710174 (Tenn. Nov. 16, 2000), involved centrally assessed public utility personal property equalization for 1998. In that case, the Supreme Court of Tennessee, reversing the Court of Appeals, held: "The Tennessee Board of Equalization is authorized to reduce (or increase) the appraised (and therefore corresponding assessed) value of centrally-assessed public utility tangible personal property as part of the equalization process, the purpose of which is to equalize the ratio of the appraised value to fair market value of public utility property in any particular county with the corresponding ratio for industrial and commercial property in that county." *Id.*

The second case was *In Re All Assessments 1999 & 2000*, No. M2000-00399-COA-R12-CV, 2001 WL 1077948, (Tenn. Ct. App. Sept. 14, 2001). That case, again involving centrally assessed public utility tangible personal property assessments for the tax years 1999 and 2000, was reduced in scope by the supreme court decision of November 16, 2000 to a challenge of the constitutionality of Tennessee Code Annotated section 67-5-903(f) and Tennessee Code Annotated section 67-5-1302(b)(1). The September 14, 2001 decision of this Court upheld the constitutionality of both statutes.

The case at bar is limited to a second attack upon the constitutionality of Tennessee Code Annotated section 67-5-903(f) and an attack upon the constitutionality of Tennessee Code Annotated section 67-5-1509(a).[1] The Chancellor affirmed the Tennessee Board of Equalization upholding the constitutionality of both Tennessee Code Annotated section 67-5-903(f) and Tennessee Code Annotated section 67-5-1509(a).

On appeal, where only the constitutionality of these two statutes is put in issue, there is little to be gained by repetition of the two previous decisions. It suffices to say that, when the Supreme Court of Tennessee, in *In Re All Assessments 1998*, specifically held that the Tennessee Board of Equalization was authorized to reduce the value of centrally assessed public utility tangible personal

---

[1] As the two sister cases previously decided involved centrally assessed utility property, direct review of the final decision was vested in the Middle Division of the Tennessee Court of Appeals pursuant to Tennessee Code Annotated section 4-5-322(b)(1). By that same code section, this case, involving locally assessed personal property, was subject to review in the Chancery Court of Davidson County with the decision of the Chancellor appealable to this Court.

property as part of the equalization process, it effectively cut the heart out of the appellant's argument that Article II, section 28 of the Constitution of Tennessee, subsequent to the 1972 amendments, requires property to be assessed at its actual value.  Once this holding, predicated as it was upon *Marion County v. State Bd. of Equalization*, 710 S.W.2d 521 (Tenn. Ct. App. 1986) (permission to appeal denied), and *Sherwood Co. v. Clary*, 734 S.W.2d 318 (Tenn. 1987), was issued by the highest court in the state, neither the State Board of Equalization, the Chancery Court of Davidson County, nor this Court had any basis upon which to constitutionally invalidate the elaborate statutory scheme promulgated by the General Assembly and implicitly upheld by the supreme court.

Following the November 16, 2000 decision of the Supreme Court of Tennessee, this Court upheld the constitutionality of both Tennessee Code Annotated sections 67-5-903(f) and 67-5-1302(b)(1)(Supp. 2000) for reasons articulated in pages 14 through 20 of *In Re All Assessments 1999 and 2000*, 2001 WL 1077948, at *10-15.  It remains only to address now the constitutionality of Tennessee Code Annotated section 67-5-1509(a).

It is asserted by the appellants that what the sales appraisal ratio does is undervalue personal property by a percentage derived from real estate values on top of the undervaluation already resulting from the application of the depreciation schedules set forth in Tennessee Code Annotated section 67-5-903(f).  The pertinent provision of Tennessee Code Annotated section 67-5-1509(a) (1998) provides: "The board shall by order or rule direct that commercial and industrial tangible personal property assessments be equalized using the appraisal ratios adopted by the Board in each jurisdiction.  Such equalization shall be available only to taxpayers who have filed the reporting schedule required by law."

In *In Re All Assessments 1999 & 2000*, we held:

> Use of such sales ratios may provide the least unsatisfactory method of appraising tangible personal property, but such is a legislative decision unshackled by constitutional prohibition.  Section 67-5-1509(a) of the Code mandates that locally assessed industrial and commercial personal property be adjusted by the sales ratio in each county.  It necessarily follows that, to achieve equalization, public utility personal property must likewise be adjusted under section 67-5-1302(b)(1).  It is not the prerogative of this Court, or of the State Board of Equalization, to question the reasonableness of a statute or second guess the policy judgments of the legislature. *Bell South Telecomm., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997).

*Id.* 2000 WL 1077948, at *15.

Once it is established that "one hundred percent of actual value" is no longer constitutionally mandated by Article II, section 28 of the Tennessee Constitution, the legislative prerogative evidenced by Title 67, Chapter 5, part 15 of Tennessee Code Annotated is, wisely or unwisely, free

of constitutional infirmity.  The constitutional challenge to Tennessee Code Annotated section 67-5-1509(a) must fail.

The judgment of the Chancellor is in all respects affirmed with costs assessed against the appellants.

                                     _____

                                     WILLIAM B. CAIN, JUDGE